IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA f/u/o<br>WINDOW CONSULTANTS, INC.<br>8G Music Fair Road<br>Owings Mills, Maryland 21117<br><br>and<br><br>WINDOW CONSULTANTS, INC.<br>8G Music Fair Road<br>Owings Mills, Maryland 21117<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WESTCHESTER FIRE INSURANCE COMPANY<br>1601 Chestnut Street<br>Two Liberty Plaza<br>Philadelphia, Pennsylvania 19103<br><br>　　　　Serve:　Prentice Hall Corporation Systems<br>　　　　　　　　Resident Agent<br>　　　　　　　　1090 Vermont Avenue, N.W.<br>　　　　　　　　Washington, D.C. 20009<br><br>and<br><br>J.B. DALCO CORPORATION<br>9090 Junction Drive<br>Suite 6<br>Annapolis, Maryland 20701<br><br>　　　　Serve:　Lennox Lloyd<br>　　　　　　　　6660 Dasher Court<br>　　　　　　　　Columbia, Maryland 21045<br><br>　　　　Defendants. | CIVIL NO.: |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiffs, the United States of America f/u/o Window Consultants, Inc. (the "Use Plaintiff")

and Window Consultants, Inc. ("Window Consultants") (the Use Plaintiff and Window Consultants are also collectively referred to as the "Plaintiffs") by their attorneys, Adam C. Harrison, and Harrison Law Group, sues Defendants, Westchester Fire Insurance Company ("WFIC") and J.B. Dalco Corporation ("J.B. Dalco"), and for its causes of action, says:

## Jurisdiction

1. Window Consultants is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Owings Mills, Maryland.

2. Upon information and belief, Defendant, WFIC, is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York, New York. Upon further information and belief, WFIC is authorized to do business in the District of Columbia. WFIC is a commercial surety company that issues, among other things, payment and performance bonds on private and public construction projects in the District of Columbia.

3. Upon information and belief, Defendant, J.B. Dalco, is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in Annapolis, Maryland.

4. This Court has jurisdiction pursuant to the provisions of the Federal Miller Act, 40 U.S.C. § 3133, as the bond referred to in this Complaint was issued pursuant to the provisions of the Federal Miller Act, 40 U.S.C. § 3131 and the construction project referred to in this Complaint is located in the District of Columbia. This Court has supplemental jurisdiction over the claim against J.B. Dalco pursuant to 28 U.S.C. § 1367(a) as such claim is so related to the claim against WFIC, which is within the original jurisdiction of this Court, that the claims form part of the same case or controversy.

5. Venue is appropriate pursuant to the provisions of the Federal Miller Act, 40 U.S.C. § 3133, as the construction project referred to in this Complaint is located in the District of Columbia.

6. This Court has personal jurisdiction over WFIC, as the cause of action asserted against WFIC arises from WFIC's transaction of business in the District of Columbia and its contract to provide services in the District of Columbia. Therefore, personal jurisdiction exists pursuant to District of Columbia Code § 13-423.

7. This Court has personal jurisdiction over J.B. Dalco, as the cause of action asserted against J.B. Dalco arises from J.B. Dalco's transaction of business in the District of Columbia and its contract to provide services in the District of Columbia. Therefore, personal jurisdiction exists pursuant to District of Columbia Code § 13-423.

## Background Facts

8. Upon information and belief, J.B. Dalco, as general contractor, executed a construction contract (the "Prime Contract") with the United States of America, by and through the United States Army Corps of Engineers (the "Owner"), for construction services at two schools known as the "Beers Elementary School and Jefferson Junior High School" (the "Project") and located in the District of Columbia.

9. As a condition of the aforesaid Prime Contract, and to secure the faithful performance of the same, J.B. Dalco, as principal, executed and delivered to the Owner, two (2) labor and material payment bonds (the "Bonds") with WFIC, as surety. A copy of the Bonds are attached hereto and incorporated by reference herein as **Exhibit "A"**.

10. In or around September 29, 2004, J.B. Dalco and Window Consultants entered into a purchase order subcontract agreement (the "Subcontract"), pursuant to which Window Consultants agreed to provide one lot of custom manufactured Traco aluminum windows at the Project and provide related subcontracting services for the price of Nine Hundred Eighty-Five Thousand Dollars and No Cents ($985,000.00) (the "Subcontract Price"). A copy of the Subcontract is attached hereto and incorporated by reference herein as **Exhibit "B"**.

11.	Throughout the course of Window Consultants' performance of its obligations under the Subcontract, change orders were issued to Window Consultants which increased the Subcontract Price to One Million Seven Thousand Four Hundred Twenty-Six Dollars and No Cents ($1,007,426.00) (the "Change Orders"). Copies of the Change Orders are attached hereto and incorporated by reference herein as **Exhibit "C"**.

12.	Although Window Consultants completed its work and delivered all materials under the Subcontract, to date, Window Consultants has not received full payment for its work on the Project, and the principal balance of Two Hundred Eight Thousand Six Hundred Seventy-Six Dollars and No Cents ($208,676.00) remains due and owing to Window Consultants.

13.	Window Consultants completed the performance of its obligations under the Subcontract on October 19, 2005.

14.	Although Window Consultants was not obligated to provide a notice of claim under the terms of the bond with WFIC, Window Consultants sent a Notice of Claim to WFIC on December 6, 2005, via Certified Mail. The Notice was delivered on December 9, 2005. A copy of Window Consultants' Notice of Claim and proof of delivery is attached hereto and incorporated by reference herein as **Exhibit "D"**.

**Count I**
(Action on Payment Bond – WFIC)

15.	Plaintiff, The United States of America f/u/o Window Consultants adopts and incorporates by reference herein its averments contained in Paragraphs One (1) through Fourteen (14) as stated above.

16.	J.B. Dalco, as principal, and WFIC, as surety, executed and delivered to the Owner, the Bonds for the protection of all persons having a direct relationship with J.B. Dalco or a subcontractor of J.B. Dalco for furnishing labor and/or materials on the Project. Under the terms of the Bonds, WFIC is liable to Window Consultants for all unpaid monies due and owing to Window Consultants.

17.     More than 90 days but less than one year has elapsed since Window Consultants last performed labor and/or rendered material to the Project.

18.     All conditions precedent to bringing a claim on the Bond and to recovering under the Bond have been satisfied.

19.     Window Consultants waited 90 days from the date on which it last performed labor and/or rendered material to the Project before filing this action.

WHEREFORE, Plaintiff, The United States of America f/u/o Window Consultants, Inc., demands judgment against Defendant, Westchester Fire Insurance Company, in the amount of Two Hundred Eight Thousand Six Hundred Seventy-Six Dollars and No Cents ($208,676.00), plus interest, court costs, and such other relief as the Court deems just.

### Count II
(Breach of Contract – J.B. Dalco)

20.     Plaintiff, Window Consultants adopts and incorporates by reference herein its averments contained in Paragraphs One (1) through Fourteen (14) as stated above.

21.     Window Consultants diligently performed its work and provided materials on the Project in good faith. As a result, J.B. Dalco became liable to pay Window Consultants for the work completed and materials supplied on the Project totaling One Million Seven Thousand Four Hundred Twenty-Six Dollars and No Cents ($1,007,426.00).

22.     J.B. Dalco's failure to remit full payment of this amount to Window Consultants is a breach of its contractual obligations, and the principal amount of Two Hundred Eight Thousand Six Hundred Seventy-Six Dollars and No Cents ($208,676.00) remains due and owing to Window Consultants.

WHEREFORE, Plaintiff, Window Consultants, Inc., demands judgment against Defendant, J.B. Dalco Corporation, in the amount of Two Hundred Eight Thousand Six Hundred Seventy-Six

Dollars and No Cents ($208,676.00), plus interest, court costs, attorneys' fees, and such other relief as the Court deems just.

## Count III
(Quantum Meruit – J.B. Dalco)

23. Plaintiff, Window Consultants adopts and incorporates by reference herein its averments contained in Paragraphs One (1) through Nine (9) as stated above.

24. J.B. Dalco requested Window Consultants to provide work and materials to the Project, and Window Consultants performed the work and delivered the materials for the benefit of J.B. Dalco.

25. Window Consultants provided work and materials on the Project to J.B. Dalco with the intention of receiving payment from J.B. Dalco for the work and materials rendered. J.B. Dalco accepted the work and materials, received the benefit of the work and materials, and knew that Window Consultants expected to be paid for the work and materials. Window Consultants provided its work and materials under such circumstances that J.B. Dalco knew that Window Consultants expected to be paid.

26. The value of the work and services rendered by Window Consultants on the Project totaled One Million Seven Thousand Four Hundred Twenty-Six Dollars and No Cents ($1,007,426.00). To date, Window Consultants has not received full payment for its work on the Project, and the principal balance of Two Hundred Eight Thousand Six Hundred Seventy-Six Dollars and No Cents ($208,676.00) remains due and owing to Window Consultants.

WHEREFORE, Plaintiff, Window Consultants, Inc., demands judgment against Defendant, J.B. Dalco Corporation, in the amount of Two Hundred Eight Thousand Six Hundred Seventy-Six Dollars and No Cents ($208,676.00), plus interest, court costs, attorneys' fees, and such other relief as the Court deems just.

<u>Count IV</u>
(Unjust Enrichment – J.B. Dalco)

27. Plaintiff, Window Consultants adopts and incorporates by reference herein its averments contained in Paragraphs One (1) through Nine (9) as stated above.

28. J.B. Dalco requested Window Consultants to provide work and materials to the Project, and Window Consultants performed the work and delivered the materials for the benefit of J.B. Dalco.

29. J.B. Dalco was aware of, and had knowledge of, the benefits conferred upon the Project by Window Consultants. J.B. Dalco's acceptance and retention of the unpaid work and materials makes it inequitable for J.B. Dalco to retain these benefits without payment of their value.

WHEREFORE, Plaintiff, Window Consultants, Inc., demands judgment against Defendant, J.B. Dalco Corporation, in the amount of Two Hundred Eight Thousand Six Hundred Seventy-Six Dollars and No Cents ($208,676.00), plus interest, court costs, attorneys' fees, and such other relief as the Court deems just.

Respectfully submitted,

_____
ADAM C. HARRISON Federal Bar No. 435517
HARRISON LAW GROUP
40 West Chesapeake Avenue, Suite 600
Towson, Maryland 21204
Telephone: (410) 832-0000
Facsimile: (410) 832-9929

**Attorneys For Plaintiffs The United States of America f/u/o Window Consultants, Inc., and Window Consultants, Inc.**

7