**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA f/u/o    :
WINDOW CONSULTANTS, INC.
8G Music Fair Rd.
Owings Mills, Md. 21117    : Civil No.: 06CV00316

And    :

WINDOW CONSULTANTS, INC.
8G Music Fair Rd.
Owings Mills, Md. 21117    :
       Plaintiffs

       v.    :

WESTCHESTER FIRE INSURANCE CO.    :
1601 Chestnut Street, 2 Liberty Place
Philadelphia, Pa. 19103

       :

And

J.B. Dalco Corporation
9090 Junction Drive, Ste. 6
Annapolis, Md. 20701
       Defendants    :

<u>**Motion to Vacate Default**</u>

      Now this comes Defendant, J.B.Dalco Corporation, by and through its

undersigned counsel, Lawrence Thrower, pursuant to Rule 60(b) of the Federal Rules of

Civil Procedure, to vacate default judgment and states as follows:

      1. On  or about March 3, 2006, Plaintiff filed suit against moving Defendant.

      2.  Plaintiff served moving defendant with a copy of the complaint on March 4,

2006.

3.   Thereafter, Defendant's counsel began reviewing records and gathering facts with which to draft an answer to plaintiff's complaint.

4.   Simultaneously, counsel began searching for local counsel to assist in the litigation and to file a Motion for Admission Pro Hac Vice.

5.   Thereafter, on or about April 3, 2006, defendant's counsel, Demetrius J. Parrish, Jr., an attorney licensed in Pennsylvania and New Jersey but not admitted to the United States District Court for the District of Columbia contacted plaintiff's counsel, Jeffrey Rosenfeld to request a three week extension in order to retain local counsel and file a Motion for Admission Pro Hac Vice to the United States District Court for the District of Columbia bar.

4.   According to the agreement between counsel, defendant's counsel presumed that its answer was due on or before April 24, 2006, but counsel was unable to file a Consent Motion with the Court until local counsel had been retained.

5.   Defendant's counsel, Demetrius J. Parrish, Jr., Esquire, prepared its answer, Motion for Admission Pro Hac Vice and Consent Motion for filing while seeking local counsel.

6.   Local counsel, Lawrence Thrower, Esquire was retained on April 24, 2006.

7.   Immediately, Mr. Thrower filed Defendant's Motion for Admission Pro Hac Vice but did not file the Consent Motion as it was considered moot since defendant's answer was due on or before April 24, 2006.

8. At or about the same time, Demetrius J. Parrish, Jr. attempted to contact Plaintiff's counsel Jeffrey Rosenfeld to request a brief extension of time in which to

respond until April 28 or May 1, 2006 since co-defendant was granted and extension until April 29, 2006.

9. At or about the same time, the Honorable Royce Lamberth, ordered plaintiff to cause default to be entered by the Clerk and file a motion for entry of judgment thereon. Plaintiff did so immediately.

10. Defendant, JB Dalco has a meritorious defense to the complaint. (Attached hereto, incorporated herein and marked Exhibit "A" is a true and correct copy of Defendant, JB Dalco's proposed answer.)

11. The default judgment was entered as a result excusable neglect in the delay in locating local counsel.

12. Vacating the judgment would not prejudice the plaintiff.

WHEREFORE, defendant, JB Dalco respectfully requests that this Honorable Court vacate the default judgment entered on April 27, 2006.

Respectfully Submitted,

/s/ Lawrence Thrower
Lawrence Thrower, Esquire
1229 15th Street, NW
Washington, DC 20005
202-234-000
202-234-8833 fax

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA f/u/o       :
WINDOW CONSULTANTS, INC.
8G Music Fair Rd.
Owings Mills, Md. 21117           : Civil No.: 06CV00316

And                                :

WINDOW CONSULTANTS, INC.
8G Music Fair Rd.
Owings Mills, Md. 21117           :
         Plaintiffs

        v.                   :

WESTCHESTER FIRE INSURANCE CO.    :
1601 Chestnut Street, 2 Liberty Place
Philadelphia, Pa. 19103

                                :
And

J.B. Dalco Corporation
9090 Junction Drive, Ste. 6
Annapolis, Md. 20701              :
        Defendants

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO VACATE DEFAULT JUDGMENT

### Case Background

On or about September 29, 2004, , Defendant, J.B. Dalco contracted with Plaintiff to supply custom windows for a window replacement construction project at Beers Elementary School and Jefferson Middle School in Washington, D.C.  The instant litigation concerns Plaintiff supplying ill-fitting windows that delayed the construction and caused Defendant to incur additional expenses to install the windows at the

respective construction sites.  Plaintiff has sued Defendant for the balance of payment on the contract.

Upon being served with a copy of Plaintiff's complaint, defendant contacted its attorney, Demetrius J. Parrish, Jr., who contacted Plaintiff's counsel to request a reasonable extension of time in which to respond to Plaintiff's complaint.  Then Mr. Parrish contacted several attorneys who normally practice in the Washington, D.C. and Maryland area to find local counsel.  Of those who were contacted none were either admitted to the United States District Court for the District of Columbia; had no time to assist in the instant litigation or who's rates were too high for defendant to afford. Finally, Mr. Parrish was introduced to Lawrence Thrower, who was ready willing and able to assist in the instant litigation.

Immediately, Mr. Thrower filed Defendant's Motion for Admission Pro Hac Vice but did not file the Consent Motion as it was considered moot since defendant's answer was due on before, April 24, 2006.  At the same time, Mr. Parrish, unsuccessfully attempted to contact Plaintiff's counsel to request a brief extension of time in which to file defendant's answer to the complaint.  Also at the same time, The Honorable Royce Lamberth, ordered plaintiff to cause default to be entered by the Clerk and file a motion for entry of judgment thereon. Plaintiff did immediately.

**Legal Standard:**

Federal Rule of Civil Procedure 55 (c) provides: Setting Aside Default: "For good cause shown the Court may set aside the entry of a default and if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

**FRCP 55(c)**

Federal Rule of Civil Procedure 60 (b)(1) provides:

> On motion and upon such terms as are just, the court may relieve a party
> or party's legal representative from a final judgment, order or proceeding
> for the following reasons: (1) mistake, inadvertence, surprise or
> excusable neglect; (2) newly discovered evidence which by due
> diligence could not have been discovered in time to move for a new trial
> under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or
> extrinsic), misrepresentation, or other misconduct of an adverse party;(4)
> the judgment is void; (5) the judgment has been satisfied, released or
> discharged, or a prior judgment upon which it is based has been reversed
> or otherwise vacated, or it is no longer equitable that the judgment
> should have prospective application; or (6) Any other reason justifying
> relief from the operation of the judgment.  The motion shall be made
> within a reasonable time, and for reasons (1),(2), and (3) not more than
> one year after the judgment, order or proceeding was entered or taken. A
> motion under this subdivision (b) does not affect the finality of a
> judgment or suspend its operation.  This rule does not limit the power of a
> court to entertain and independent action to relieve a party from a
> judgment, order, or proceeding, or to grant relief to a defendant not
> actually personally notified as provided in Title 28, U.S.C. 1655, or to
> set aside a judgment for fraud upon the Court.  Writs of Coram nobis,
> Coram vobis, audita querla, and bills of review and bills in the nature of
> a bill of review, are abolished, and the procedure for obtaining any relief
> from a judgment shall be motion as prescribed in these rules or by an
> independent action.

## FRCP 60(b)

Under FRCP 60(b), which standards FRCP invokes when a party is seeking relief

from a default judgment, "a court may set aside a final judgment 'on motion and upon

such terms as are just' setting aside a default judgment under Rule 60(b): (1) the moving

party's culpable conduct did not cause the default; (2) the moving party has a meritorious

defense; and (3) the non-moving party will not be prejudiced by setting aside the

judgment…Generally, a party's conduct will be considered culpable only if the defaulted

willfully or has no excuse for the default." U.S. v. Timbers Preserve, 999 F. 2d. 452, 454

(10th Cir. 1993).  "Any doubt should be resolved in favor of the petition to set aside the

judgment so that cases may be decided on their merits." Tozer v Charles A. Krause

Milling Co. , 189 F. 2d. 242, 245-46 (3d. Cir. 1951). See also Tolson v. Hodge, 411 F.

2d. 123, 130 (4thCir. 1969); Barber v. Turberville, 94 U.S. App. D.C. 335, 218 F. 2d. 34,

36 (D.C. Cir. 1954); Erick Riios Bridoux v. Eastern Airlines, 93 U.S. App. D.C. 369, 214

F. 2d. 207, 210 (D.C. Cir.), cert. denied, 348 U.S. 821, 99 L. Ed. 647, 75 S. Ct. 33 (1954).

In re: Worldwide Web Systems, Inc. , et. al v. Feltman, 329 F.3d 1291, 1295 (11th Cir.

2003).

### Good Reason Existed for Failing to Reply to the Complaint

Defendant's attorney was contacted soon after it received the complaint. Counsel

began reviewing defendant's records; meeting with the clients and gathering information

with which to answer Plaintiff's complaint. Simultaneously, counsel made contact with

several attorneys to find local counsel to assist in the litigation and the admission of

defendant's counsel pro hac vice.

Local counsel was retained on April 24, 2006. Immediately, a Motion for

Admission Pro Hac Vice was filed. At the same time, Defendant's attorney, Demetrius J.

Parrish, Jr. attempted to contact Plaintiff's counsel to obtain an additional brief extension

until either April 28, or May 1, 2006 since co-defendant's extension was until April 29,

2006. Difficulty in hiring an attorney was recognized as a form of excusable neglect by

the Court in Farnese v. Bagnasco, 687 F.2d. 761, 764 (3d. Cir., 1982).

More importantly, defendant's counsel, Demetrius J. Parrish, Jr., prepared an

answer to plaintiff's complaint attached hereto as Exhibit "A" to be reviewed, accepted

and filed by local counsel, Lawrence Thrower. Extra time was necessary to allow local

counsel an opportunity to review defendant's proposed answer defendant's counsel

requested a brief extension of time in which to file an answer.

Defendant, J.B. Dalco Corporation did not engage in any willful conduct that the Court has recognized as inexcusable delay and clearly attempted to file its answer with the consent of Plaintiff's counsel and at or about the same time as co-defendant.

### Plaintiff Would Not be Prejudiced  If the Court Vacates the Default Judgment

Plaintiff granted Co-Defendant, West Chester Fire Insurance Company, an extension until April 29, 2006 to file its answer to Plaintiff's Complaint.  Defendant has prepared its answer for filing and requested a similar extension until April 28 or May 1, 2006 to file its answer, Plaintiff denied Defendant's request.

The instant litigation is in its infancy as discovery has not started. Vacating the Default Judgment would allow both defendants to file their answers at or about the same time and the matter can proceed to a trial on the merits without delay.

### Defendant has a Meritorious Defense

Defendant contends that plaintiff materially breached the terms of the subcontract thereby causing them to lose profits and subjecting defendant to charge backs from the United States for the project. Attached hereto as Exhibit "A" is a draft of defendant's proposed answer to plaintiff's complaint.

## Conclusion

For the reasons set forth herein, defendant, respectfully requests that this

Honorable Court vacate the default judgment entered against JB Dalco.


Respectfully Submitted:


/s/ Lawrence A. Thrower
Lawrence A. Thrower, Esquire
1229 15th Street, NW
Washington, DC 20005
202-234-000
Fax No.: 202-234-8833

Demetrius J. Parrish, Jr., Esquire
1616 Walnut Street, Ste. 700
Philadelphia, Pa. 19103
Telephone No.: 215-735-3377
Fax No.: 215-827-5420

Attorneys for Defendant, J.B.Dalco
Corporation

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on this     27TH day of April, 2006 a copy of the foregoing was sent to:

Jane S. Dudley, Esquire
Whiteford, Taylor & Preston, L.L.P
1025 Connecticut Avenue, N.W.
Washington, D.C. 20036-5405

Adam C. Harrison, Esquire
Harrison Law Group
40 West Chesapeake Avenue, Ste. 600
Towson, Md 21204

 

               /s/ Lawrence Thrower
               Lawrence A. Thrower
               1229 15th Street, NW
               Washington, DC 20005
               202-234-000
               Fax No.: 202-234-8833

               Demetrius J. Parrish, Jr., Esquire
               1616 Walnut Street, Ste. 700
               Philadelphia, Pa. 19103
               Telephone No.: 215-735-3377
               Fax No.: 215-827-5420

               Attorneys for Defendant, J.B.Dalco Corporation