IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA f/u/o** **WINDOW CONSULTANTS, INC.** | * |
| | *   **CIVIL NO.: 1:06CV00316 RCL** |
| and | * |
| **WINDOW CONSULTANTS, INC.** | * |
| Plaintiffs, | * |
| | * |
| v. | * |
| **WESTCHESTER FIRE INSURANCE COMPANY** | * |
| and | * |
| **J.B. DALCO CORPORATION** | * |
| Defendants. | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN OPPOSITION TO MOTION TO VACATE DEFAULT**

Plaintiff, Window Consultants, Inc. ("Window Consultants") by its attorneys, Adam C. Harrison, and Harrison Law Group, in opposition to Defendant, J.B. Dalco Corporation ("J.B. Dalco") Motion to Vacate Default states as follows:

On or about February 21, 2006, Window Consultants' Complaint was filed in the above-captioned action, in which it sought, among other relief, damages against J.B. Dalco in the amount of Two Hundred Eight Thousand Six Hundred Seventy-Six Dollars and No Cents ($208,676.00), plus interest and costs.

On March 4, 2006, Defendant J.B. Dalco was served via certified mail with the Summons and Complaint in the above-captioned action. An affidavit of Service was filed with the Court on March 15,

2006. Although J.B. Dalco's Answer was due on or before March 24, 2006, J.B. Dalco failed to timely file its Answer prior to that date.

As stated in the Affidavit attached to the Request for Entry of Default, on March 30, 2006, after the filing deadline had already expired, Demetrius J. Parrish, counsel for J.B. Dalco, requested an extension of time of 20 days for the filing of the Answer. Mr. Parrish was told by Window Consultants' counsel that the extension would be granted, but that Mr. Parrish would be responsible for filing a Line or an appropriate Motion with the Court. No such Line or Motion was ever filed by Mr. Parrish or by anybody on behalf of J.B. Dalco.

Although Window Consultants agreed to extend the deadline for J.B. Dalco's Answer to March 19, 2006, which Mr. Parrish and/or J.B. Dalco failed to formalize by filing a Line or Motion, J.B. Dalco failed to file its Answer prior to the agreed upon date. On April 24, 2006, Mr. Parrish left a voicemail for the undersigned seeking yet another extension of time to file its Answer. This request was denied by Window Consultants.

On April 24, 2006, the Court ordered Window Consultants to "cause default to be entered by the Clerk and file a motion for entry of judgment thereon, or show cause why a motion for default judgment has not been filed, or the complaint will be dismissed as to J.B. Dalco Corporation without prejudice pursuant to Local Civil Rule 83.23."

Accordingly, on April 25, 2006, Window Consultants filed a Request for Entry of Default, and the Clerk entered a default against J.B. Dalco on April 27, 2006. On April 28, 2006, Window Consultants filed a Motion for Default Judgment, which is still currently pending. Also on April 28, 2006, J.B. Dalco filed a Motion to Vacate Default along with its Memorandum of Points and Authorities in Support of Motion to Vacate Default Judgment. J.B. Dalco's Motion is not ripe as a default judgment has not been entered, as the Court has yet to rule on Window Consultants' Motion for

Default Judgment. Alternatively, if the Court treats J.B. Dalco's Motion as one to vacate the Entry of Default, the motion should be denied.

In its Memorandum of Points and Authorities, J.B. Dalco claims that the basis for its delay was J.B. Dalco's inability to obtain local counsel, which, under the circumstances, this Court should not consider excusable neglect. J.B. Dalco is a Maryland corporation, and upon information and belief, is located in either Annapolis or Annapolis Junction, Maryland.[1] The construction project at issue is located in the District of Columbia. Upon being served with the Complaint, rather than seek counsel in the District of Columbia, which is where the project is located and where the litigation was filed, and which upon information and belief is approximately thirty miles from J.B. Dalco's principal office, J.B. Dalco chose to seek the advice of counsel who was located in Philadelphia, Pennsylvania. As a result, it took nearly two months after being served with Window Consultant's Complaint for J.B. Dalco to locate counsel in the District of Columbia.

Contrary to J.B. Dalco's contention that Window Consultants has not been prejudiced, Window Consultants has incurred additional costs as a result of J.B. Dalco's neglect. Specifically, on April 24, 2006, the Court ordered Window Consultants to "cause default to be entered by the Clerk and file a motion for entry of judgment thereon, or show cause why a motion for default judgment has not been filed, or the complaint will be dismissed as to J.B. Dalco Corporation without prejudice pursuant to Local Civil Rule 83.23." Accordingly, Window Consultants was forced to expend additional fees to either seek the entry of default and a default judgment or file an explanation with the Court as to why it had not sought a default against J.B. Dalco. Per the Court's Order, Window Consultants' Complaint

---

[1] According to the bond attached to the Complaint as Exhibit "A", J.B. Dalco's office is located in Annapolis Maryland. In the draft Answer and Counterclaim attached to J.B. Dalco's Memorandum of Points and Authorities, J.B. Dalco denies Window Consultants' allegation that J.B Dalco's principal place of business is in Annapolis, Maryland. See Draft Answer and Counterclaim, Exhibit "A" to J.B. Dalco's Memorandum of Points and Authorities, at ¶ 3. The purchase order subcontract agreement attached to Window Consultants' Complaint at Exhibit "B" indicates that J.B. Dalco's office is located in Annapolis Junction, Maryland.

3

would be dismissed against J.B. Dalco unless it filed something with the Court. Given the fact that J.B. Dalco failed to file an Answer within 20 days of being served with the Complaint, and then after J.B. Dalco sought a belated extension of time, which once again it ignored, Window Consultants filed the Request for Entry of Default in order to avoid a dismissal. Had J.B. Dalco filed an Answer within twenty days of being served with the Complaint or in accordance with the extension of time granted by the Plaintiff, Window Consultants would not have incurred additional expenses associated with its compliance with the Court's April 24, 2006 Order.

WHEREFORE, for the foregoing reasons, Window Consultants, Inc. respectfully requests that this Honorable Court deny J.B. Dalco Corporation's Motion to Vacate Default.

Respectfully submitted,

/s/ Adam C. Harrison
ADAM C. HARRISON Federal Bar No. 435517

HARRISON LAW GROUP
40 West Chesapeake Avenue, Suite 600
Towson, Maryland 21204
Telephone: (410) 832-0000
Facsimile: (410) 832-9929

**Attorneys For Plaintiffs The United States of America f/u/o Window Consultants, Inc., and Window Consultants, Inc.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 11th day of May, 2006, that a copy of the Memorandum of Points and Authorities in Opposition to Motion to Vacate Default was mailed, postage pre-paid to:

>Jane Saindon Dudley, Esquire
>Gerard P. Sunderland
>Whiteford, Taylor & Preston L.L.P.
>1025 Connecticut Avenue, N.W.
>Suite 400
>Washington, D.C. 20036

>and

>Lawrence A. Thrower, Esquire
>1229 15th Street, N.W.
>Washington, D.C. 20005

>and

>Demetrius J. Parrish, Esquire
>1616 Walnut Street
>Suite 700
>Philadelphia, Pennsylvania 19103

                                            /s/ Adam C. Harrison