IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA f/u/o <br> WINDOW CONSULTANTS, INC. <br> 8G Music Fair Rd. <br> Owings Mills, Md. 21117 | : <br><br> : Civil No.: 06CV00316 |
| And | : |
| WINDOW CONSULTANTS, INC. <br> 8G Music Fair Rd. <br> Owings Mills, Md. 21117 <br>     Plaintiffs | : <br><br> : |
|     v. | : |
| WESTCHESTER FIRE INSURANCE CO. <br> 1601 Chestnut Street, 2 Liberty Place <br> Philadelphia, Pa. 19103 | : <br><br> : |
| And | |
| J.B. Dalco Corporation <br> 9090 Junction Drive, Ste. 6 <br> Annapolis, Md. 20701 <br>     Defendants | <br><br><br> : |

### DEFENDANT, J.B. DALCO'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

Defendant, J.B. Dalco Corporation, (hereinafter referred to as "JBD") by and through its undersigned attorneys Demetrius J. Parrish, Jr., Esquire and Lawrence A. Thrower, Esquire hereby responds to Plaintiff's Window Consultants, Inc.'s (herein after referred to as "WC") Complaint and avers as follows:

1. Denied. After a reasonable investigation, Answering Defendant is with out knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's complaint.

        Accordingly, same is denied, deemed at issue and strict proof thereof is demanded at the time of trial.

2.     Admitted.

3.     Admitted in part. Denied in part. Answer Defendant admits that it is a corporation existing under the laws of the State of Maryland. However, Defendant denies that its principal place of business is in Annapolis Maryland.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Admitted.

10.     Admitted.

11.     Admitted.

12.     Denied. Answering Defendant, JBD specifically and unequivocally denies that WC completed its work. Specifically, WC failed to provide a Window sample mock-up as set forth in the Subcontract; upon information and belief WC failed to perform and never provided Answering Defendants with a field measurement; WC failed to provide the requested windows according to Defendant's requested schedule; WC failed to provide windows as per specifications and the sizing of the windows was not customed as per the Subcontract. Additionally, as a result of WC's delay in providing the windows;

WC's providing ill fitting windows and its failure to perform as per the Subcontract, JBD incurred additional expenses that off-set any claims for payment made by Plaintiffs. Accordingly, same is denied, deemed at issue and strict proof thereof is demanded at the time of trial.

13. Denied. Answering Defendant specifically and unequivocally denies that Window Consultants completed the performance of its obligations under the SubContract on October 19, 2005 or any other date. To the contrary, WC failed to provide a Window sample mock-up as set forth in the Subcontract; upon information and belief WC failed to perform a field measurement; WC failed to provide the requested windows according to Defendant's requested schedule; WC failed to provide windows as per specifications and the sizing of the windows was not customed as per the Subcontract.

14. Admitted.

## COUNT I

15. No Answer Required.

16. Admitted in part. Denied in part. Answering Defendant admits that JBD admits that as principal, and WFIC as surety executed and delivered to the Owner, the Bonds for the protection of all persons having a direct relationship with JBD or a subcontractor for furnishing labor and/or materials on the Project. However, JBD denies that WFIC is liable to Plaintiff, WC for all monies due an owing to WC failed to perform as set forth herein.

17. Admitted.

18. Denied.

19. Admitted.

WHEREFORE, Defendant demands judgment against Plaintiff together with court costs and such other relief as the Court deems just.

## COURT II

20. No answer required.

21. Denied. Answering Defendant specifically and unequivocally denies that Window Consultants completed the performance of its obligations under the SubContract on October 19, 2005 or any other date. To the contrary, WC failed to provide a Window sample mock-up as set forth in the Subcontract; upon information and belief WC failed to perform a field measurement; WC failed to provide the requested windows according to Defendant's requested schedule; WC failed to provide windows as per specifications and the sizing of the windows was not customed as per the Subcontract.

22. Denied. Subcontract, JBD incurred additional expenses and lost profits that off-set any claims for payment made by Plaintiffs.

WHEREFORE, Defendant demands judgment against Plaintiff together with court costs and such other relief as the Court deems just.

## COUNT III

23. No Answer Required.

24. Denied as stated. WC voluntarily provided work and materials to the Project as a direct result of its failure to provide custom sized windows that met specifications in a timely manner and because JBD could not warrant the windows' as they failed to meet the specifications of the Subcontract.

Furthermore, Defendant, JBD notified WC that it intended to "back charge" the because each window was manufactured too small for each window opening requiring additional manpower; additional time and additional expense to install.

25. Denied. WC voluntarily provided work and materials to the Project as a direct result of its failure to provide custom sized windows that met specifications in a timely manner and because JBD could not warrant the windows' as they failed to meet the specifications of the Subcontract. Furthermore, Defendant, JBD notified WC that it intended to "back charge" them because each window was manufactured too small for each corresponding window opening, requiring additional manpower; additional time and additional expense to install. Significantly, there was no agreement, written, verbal, formal or informal, as to WC 's compensation for providing the voluntary work and material to the Project. Moreover, no discussions, whatsoever, took place regarding the value of Plaintiff's work and materials or WC's expectation of compensation. Most importantly, Plaintiff, under the subcontract, was merely supplier and would not have volunteered its work and materials if the window openings had been properly measured so that the windows, as manufactured, fit properly.

26. Denied. After a reasonable investigation, Answering Defendant is with out knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 26 of Plaintiff's complaint.

WHEREFORE, Defendant demands judgment against Plaintiff together with court costs and such other relief as the Court deems just.

## COUNT IV

27. No answer required.

28. Denied.  WC voluntarily provided work and materials to the Project as a direct result of its failure to provide custom sized windows that met specifications in a timely manner and because JBD could not warrant the windows' as they failed to meet the specifications of the Subcontract. Furthermore, Defendant, JBD notified WC that it intended to "back charge" them because each window was manufactured too small for each corresponding window opening, requiring additional manpower; additional time and additional expense to install. Significantly, there was no agreement, written, verbal, formal or informal, as to WC 's compensation for providing the voluntary work and material to the Project.  Moreover, no discussions, whatsoever, took place regarding the value of Plaintiff's work and materials or WC's expectation of compensation.  Most importantly, Plaintiff, under the subcontract, was merely supplier and would not have volunteered its work and materials if the window openings had been properly measured so that the windows, as manufactured, fit properly.

29. Denied.  WC voluntarily provided work and materials to the Project as a direct result of its failure to provide custom sized windows that met specifications in a timely manner and because JBD could not warrant the windows' as they failed to meet the specifications of the Subcontract.

Furthermore, Defendant, JBD notified WC that it intended to "back charge" them because each window was manufactured too small for each corresponding window opening, requiring additional manpower; additional time and additional expense to install. Significantly, there was no agreement, written, verbal, formal or informal, as to WC 's compensation for providing the voluntary work and material to the Project.  Moreover, no discussions, whatsoever, took place regarding the value of Plaintiff's work and materials or WC's expectation of compensation.  Most importantly, Plaintiff, under the subcontract, was merely supplier and would not have volunteered its work and materials if the window openings had been properly measured so that the windows, as manufactured, fit properly

## DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claim is barred by the doctrine of laches.

3. Plaintiff's claim is barred by the doctrine of "unclean hands".

4. Plaintiff's failure to provide custom windows to meet Defendant's specifications was a material breach of contract which bars plaintiff's claims.

5. Plaintiff's action is barred by estoppel.

## COUNTERCLAIM

Defendant, JB Dalco Corporation,(hereinafter referred to as "JBD") now as counterclaim plaintiff, by and through its attorneys, Lawrence Thrower and Demetrius J. Parrish, Jr.,  files this counterclaim against Window Consultants, Inc. (hereinafter referred to as Window Consultants) in the above-entitled action and says:

1. On or about September 29, 2004, JBD contracted with Window Consultants through a purchase order contract to provide custom windows manufactured by Traco Corporation for construction projects at Beer Elementary School and Jefferson Junior High School as per plans and specifications provided by SORG and Associates, an architectural firm.

2. Pursuant to the contract, Window Consultants was required to perform field measurements and prepare shop drawings including elevations, sizes, openings and locations based upon their field measurements from which Traco would use to fabricate custom windows for the construction projects

3. Pursuant to the contract, each window was to be custom made for the project.s

4. Pursuant to the contract, in the event that "Window Consultants, Inc. or any persons, firms or entities for whom Window Consultants, Inc. is responsible, cause delay to any part or the entire work of the project", Window Consultants is liable for liquidated damages sustained and actually paid by the Contractor.

5. As a direct result of Window Consultants' failure to make accurate field measurements, the windows delivered to JBD pursuant to the purchase order contract, for installation, at the project, were the wrong size and therefore not custom sized requiring additional time, labor and materials to install.

## COUNT I
**(Action for Liquidated Damages for Delay)**

6. Counterclaim plaintiff, JBD adopts and incorporates by reference herein its averments contained in paragraphs one (1) through five (5) as stated above.

7. Under JBD's prime contract with the United States of America by and through the United States Army Corps of Engineers the projected completion date of the window construction project was September 2005.

8. As a direct result of Window Consultants' failure to make accurate field measurements, the windows delivered to JBD were ill-fitting thereby delaying completion of the project which remains unfinished.

9. Pursuant to the purchase order contract Window Consultants is liable for liquidated damages sustained and actually paid by the Contractor.

WHEREFORE, Counterclaim plaintiff, JBD demands against counterclaim defendant, Window Consultants in the amount of One Million Dollars ($1,000,000.00) plus interest, court costs or an amount equal to the amount of liquated damages charged to JBD by the project owner and such other relief as the Court deems just.

## COUNT II
**(Breach of Contract)**

10. Counterclaim plaintiff, JBD adopts and incorporates by reference herein its averments contained in paragraphs one (1) through eight (8) as stated above.

11. Window Consultants failure to make accurate field measurements and provide custom fitted windows for the project was a material breach of the purchase order contract.

12. As a direct result of Window Consultants breach, JBD was required to spend various sums of money for additional labor and materials to make the mis-sized windows fit in an effort to mitigate its damages.

13. As a direct result of Window Consultants' breach, JBD has suffered financial losses the full extent of which is currently unknown as the project is still unfinished.

WHEREFORE, counterclaim plaintiff demands judgment against counterclaim defendant, Window Consultants in an amount of One Million Dollars ($1,000,000.00)

### Count III
**(Breach of the Duty of Good Faith and Far Dealing)**

14. Counterclaim plaintiff, JBD adopts and incorporates by reference herein its averments contained in paragraphs one (1) through twelve (13) as stated above.

15. Window Consultants failure to make accurate field measurements and provide custom windows was a material breach of the duty of good faith and far dealing.

WHEREFORE, counterclaim plaintiff demands judgment against Plaintiff in the amount of One Millions ($1,000,000.00) together with court costs and such other relief as the Court deems just.

Respectfully Submitted,

/s/ Lawrence A. Thrower
Lawrence A. Thrower, Esquire
1229 15th Street, NW
Washington, DC 20005
202-234-000
Fax No.: 202-234-8833

Demetrius J. Parrish, Jr., Esquire
1616 Walnut Street, Ste. 700
Philadelphia, Pa. 19103
Telephone No.: 215-735-3377
Fax No.: 215-827-5420
Attorneys for Defendant, J.B.Dalco, Inc.

Case 1:06-cv-00316-RCL    Document 17    Filed 04/28/2006    Page 10 of 10