IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA f/u/o** \* <br> **WINDOW CONSULTANTS, INC.** <br>   \*    **CIVIL NO.: 1:06CV00316 RCL** <br> and \* <br> **WINDOW CONSULTANTS, INC.** \* <br>   \* <br>      Plaintiffs and Counter-Defendant, \* <br>   \* <br> v. \* <br>   \* <br> **WESTCHESTER FIRE INSURANCE COMPANY** \* <br>   \* <br> and \* <br>   \* <br> **J.B. DALCO CORPORATION** \* <br>   \* <br>      Defendants and Counter-Plaintiff. \* | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## JOINT REPORT PURSUANT TO LOCAL RULE 16.3

Window Consultants, Inc. ("Window Consultants"), J.B. Dalco Corporation ("J.B. Dalco") and Westchester Fire Insurance Company ("WFIC") by their undersigned counsel, submit this Joint Local Rule 16.3 Report and state in support thereof as follows:

Summary of Case:

The disputes in this case arise out of the construction of two schools known as the "Beers Elementary School and Jefferson Junior High School" (the "Project") located in the District of Columbia. J.B. Dalco was hired by the United States Army Corps of Engineers to serve as the general contractor for the Project. Window Consultants was a subcontractor to J.B. Dalco and provided aluminum windows for the Project.

Window Consultants has sued J.B. Dalco for Two Hundred Eight Thousand Six Hundred Seventy-Six Dollars and No Cents ($208,676.00) for a balance that Window Consultants alleges it is owed in connection with its work on the Project. WFIC, J.B. Dalco's surety on the Project, has also been sued for Two Hundred

Eight Thousand Six Hundred Seventy-Six Dollars and No Cents ($208,676.00) pursuant to the Federal Miller Act, 40 U.S.C. § 3133.

J.B. Dalco has asserted a Counterclaim in which it alleges that Window Consultants failed to provide the windows at the Project in accordance with the terms of the subcontract. J.B. Dalco seeks One Million Dollars ($1,000,000.00) in alleged damages.

Rule 16.3 (c) Topics:

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**Response:** At this stage it is too difficult to determine without discovery whether the case is likely to be disposed of by dispositive motion.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**Response:** Deadline for joinder of parties and amendment of pleadings is July 31, 2006. At this stage it is too difficult to determine whether any issues can be narrowed without discovery.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**Response:** The parties were unable to agree upon the consent to the assignment of the case to a magistrate judge.

4. Whether there is a realistic possibility of settling the case.

**Response:** Window Consultants and WFIC have agreed that there is a realistic possibility of settling the case. J.B. Dalco has suggested that there is not a realistic possibility of settling the case at this time.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

    (i)    the client's goals in bringing or defending the litigation;

    (ii)    whether settlement talks have already occurred and, if so, why they did not produce an agreement

    (iii)    the point during the litigation when ADR would be most appropriate, with special consideration given to:

        (aa)    whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

        (bb)    whether ADR should take place before or after the judicial resolution of key legal issues;

    (iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

    (v)    whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

**Response:** The case could benefit from the Court's alternative dispute resolution (ADR) procedures after some initial discovery has occurred, but at this stage it would be too early to engage in ADR.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**Response:** At this stage it is too difficult to determine whether the case can be resolved by summary judgment. Proposed deadline for dispositive motions is December 31, 2006.

7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**Response:** The parties will provide the Initial Disclosures required by Federal Rule of Civil Procedure 26(a)(1) by July 14, 2006.

3

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Response:** The parties agree to the presumptive limits of discovery. Proposed deadline for completion of discovery is November 30, 2006.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

**Response:** Each party will produce initial expert reports, if any, required by Federal Rule of Civil Procedure 26(a)(2) by August 31, 2006. Rebuttal expert reports, if any, will be produced by September 30, 2006.

10. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**Response:** N/A

11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**Response:** This case would not be facilitated by bifurcation or phasing.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Response:** February 1, 2007.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Response:** The parties request that a trial date be set at the pre-trial conference.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

4

**Response:** The parties agree that the dates listed above may be altered upon stipulation or Order of the Court. Counsel for J.B. Dalco is scheduled for surgery on or about September 25, 2006 which will require 3-4 weeks of recovery time. Therefore, if such surgery and recovery time affects the deadlines in this case, J.B. Dalco reserves the right to seek a reasonable extension based on the circumstances.

Respectfully submitted,

/s/ Lawrence Thrower
LAWRENCE THROWER

1229 15th Street, N.W.
Washington, D.C. 20005

**Attorney for Defendant and Counter-Plaintiff, J.B. Dalco Corporation**

/s/ Adam C. Harrison
ADAM C. HARRISON

/s/ Jeffrey S. Rosenfeld
JEFFREY S. ROSENFELD

HARRISON LAW GROUP
40 West Chesapeake Avenue, Suite 600
Towson, Maryland 21204
Telephone: (410) 832-0000
Facsimile: (410) 832-9929

**Attorneys for Plaintiffs and Counter-Defendant The United States of America f/u/o Window Consultants, Inc., and Window Consultants, Inc.**

/s/ Demetrius Parrish
DEMETRIUS PARRISH

1616 Walnut Street, Suite 700
Philadelphia, Pennsylvania 19103

**Attorney for Defendant and Counter-Plaintiff, J.B. Dalco Corporation**

/s/ Gerard P. Sunderland
GERARD P. SUNDERLAND

/s/ Jane Dudley
JANE DUDLEY

WHITEFORD, TAYLOR & PRESTON, L.L.P.
1025 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20036

**Attorneys for Defendant Westchester Fire Insurance Company**